RICHARD FUERST, AN INFANT, BY HIS NEXT FRIENDS, FREDERICK FUERST AND JOHANNA FUERST, AND FREDERICK FUERST AND JOHANNA FUERST, PLAINTIFFS-RESPONDENTS, v. SAMUEL ROTH AND HELEN ROTH, DEFENDANTS-APPELLANTS.

Submitted October 27, 1933—Decided January 5, 1934.

For the plaintiffs-respondents, *Schneider & Schneider* (*Jacob Schneider,* of counsel).

For the defendants-appellants, *Cox & Walburg* (*Harry E. Walburg,* of counsel).

The opinion of the court was delivered by

KAYS, J. This is an appeal from a judgment entered in the Essex County Circuit Court. The case was tried before Judge Flannagan and a jury to whom it was referred for trial. Samuel and Helen Roth appeal here from the judgment below. The Lo Conte Contracting Company, Incorporated, does not appeal.

Richard Fuerst was an infant and the suit was brought by his next friends, Frederick and Johanna Fuerst, who were his parents, and also by Frederick and Johanna Fuerst individually. The infant was injured as a result of a fall into an area-way on defendants premises which had been left uncovered and which adjoined the sidewalk in front of the house. The premises were situate at 803 Sanford avenue, Newark, New Jersey. The action was for compensation for injuries as a result of the fall into the area-way. The evidence disclosed that Richard Fuerst was lawfully on the sidewalk in front of defendants' premises. The area-way led from the sidewalk to the cellar of defendants' residence. The defendant below, the Lo Conte Contracting Company, Incorporated, was operating a steam shovel in the rear of the Roth residence and in order to obtain water for the purpose of running the engine the contracting company arranged with Roth to connect a hose with a tap in the Roth cellar and run the hose through the area-way and around the house to the steam shovel. There

also existed another way to obtain the water from the Roth cellar without disturbing the grating covering the area-way. As a result of this the grating was left partly open and tilted up against the front wall of the house. This left a large hole uncovered in the sidewalk. The hole was left unguarded and the infant fell into the same. The steam shovel was being worked on the adjacent property. There was evidence that an employe of the contracting company removed the grating or tilted it back against the building when he attached the hose. Plaintiff testified that he had noticed this grating open at times and closed at times. It was admitted by the defendants that they were to receive payment for the water which the contracting company used. There was also evidence that the parents of the infant had complained to the owners of the building that the grating was left open at times. The father of the infant testified that he heard an employe of the Lo Conte Contracting Company, Incorporated, open the grating shortly before the accident occurred and that he had assumed said employe had closed it and that a few minutes later he discovered his infant son in the bottom of the area-way. The case was submitted to the jury and the jury rendered a verdict in favor of the infant by his next friends of $6,000 and in favor of the parents of $1,500. From the judgment resulting therefrom defendants appeal here.

The question before this court is whether or not the nuisance, if it existed, was with the knowledge and consent of the defendants. There appears to be evidence to the effect that the defendants had knowledge of the nuisance and that the work which was being carried on was with the knowledge and consent of the defendants. There was evidence that defendants' attention was called to this danger by the father of the infant and that the defendant said he would fix it and did fix it temporarily but not permanently. The appellants set out two grounds of appeal, one that the court erred in refusing to grant a nonsuit, and the other, that the court refused to direct a verdict. The state of the case discloses no exception to the refusal of the trial court to grant a nonsuit and, therefore, this question is not before us. Therefore the

only question is whether or not the judge erred in refusing to direct a verdict. We are of the opinion that the trial judge was justified by the evidence above mentioned in submitting the question of negligence on the part of the appellants to the jury.

The judgment under review is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 16.

*For reversal*—None.